UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE PARISH OF PLAQUEMINES | CIVIL ACTION |
| v. | NO. 18-5217 |
| RIVERWOOD PRODUCTION CO., ET AL. | SECTION "F" |

**The State of Louisiana's Memorandum in Opposition to
Motion to Stay Remand Order Pending Appeal**

May It Please the Court:

Plaintiffs-Intervenors, the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management, and its Secretary, Thomas F. Harris, and the State of Louisiana *ex rel.* Jeff Landry, oppose the defendants' request for a stay in this matter. The facts of this case do not support such a stay.

The first factor to consider in determining whether a stay is appropriate is "the likelihood of [mover] prevailing on the merits on appeal …." *Wildmon v. Berwick Universal* Pictures, 983 F.2d 21, 23 (5th Cir. 1992). Defendants argue that they need not show that they are likely to succeed on the merits, but only to show "a substantial case on the merits when a serious legal question is involved and [] that the balance of equities weighs heavily in favor of granting the stay," *citing Campaign for Southern Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014). The defendants cannot make any of these showings.

Certainly the defendants are not likely to succeed on the merits. In its 64-page opinion, this Court dismissed every asserted theory of federal jurisdiction and the procedural propriety of this removal. The defendants were uniformly unsuccessful in their original, timely removals; there is no reason to believe that this untimely assertion will be found any more persuasive.

1

One can perhaps argue that whether the specter of long-ago federal regulation somehow inhibited the defendants' application for or compliance with state permits beginning in 1980 is a "serious legal question" (though the undersigned would rather not), but whether that assertion was made timely is a simple issue of fact.  This Court found, as did the magistrate judge in the Western District, that the original petition's explicit assertion that the defendants' activities were not lawfully commenced and citation of Office of Conservation permits dating from the 1940's were sufficient to put the defendants' on notice that their World War II-era activities would be at issue in these cases.  That finding does not present a legal question at all, much less a "serious" one.

Nor do the balance of equities favor granting a stay.  These cases have been pending for six years, since 2013, and about four of those years have been spent in federal court on the defendants' relentless pursuit of their chimera of federal jurisdiction.  During the two short years in state court, substantial progress was made toward resolution on the merits – the only such progress made to date.  Staying these proceedings would postpone the merits resolution even further.  The defendants' request for a stay amounts to nothing more than a request for assistance with their dilatory strategy at the expense of substantive resolution of the claims of the Parish and the State.

The second factor and third factors necessary to support a stay are the likelihood that the defendants will suffer "irreparable injury" from the denial of the stay, and the likelihood that the plaintiffs will not be harmed by the delay.  *Wildmon*, *supra*.  Neither is true here.  The only injury the defendants cite – having to litigate in state court pending appeal – has never been found to be the kind of irreparable injury that would justify a stay in this case.[1]  Indeed, the work to be done

---

[1] In *Wiengarten Realty Investors v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011), the court of appeals rejected an argument that being required to litigate during the pendency of an appeal over arbitrability constituted irreparable harm for purposes of a stay.

2

in this case[2] upon remand to state court is preparing for trial on the merits; that will have to be done even if the Fifth Circuit should ultimately decide the case should be in federal court. In the unlikely event that the defendants prevail on appeal, all of the work done while the case is in state court will be transferable to federal court, so there will be essentially no extra expense in preparing in state court. The defendants will not suffer any irreparable injury, so the stay should be denied on that basis.

The plaintiffs, on the other hand, would be harmed by staying this matter, because it will further delay its resolution. As noted above, approximately four of the six years this case has been pending have been spent in federal court litigating the jurisdictional issue, at the obvious expense of moving the case toward resolution on the merits. The defendants have delayed this case enough already; there is no justification for further delay.

The final factor is whether a stay is in the public interest. The public's interest is in final resolution of this case as soon as possible. As the Court is certainly aware, land loss along Louisiana's coast, including in the geographic area at issue in this suit, is accelerating as subsidence and climate change advance. If the defendants are held liable in this case, then any award against them will be used for integrated coastal protection, including restoration and hurricane protection, pursuant to La. R.S. 49:214.36(O). On the other hand, if the defendants are exonerated, then the public, including the legislature and the federal government, will know that no assistance in combating coastal land loss will come from the defendants. In either case, the public's interest is in resolving this case as expeditiously as possible, so a stay is unwarranted on that basis.

---

[2] This case was not one of the five cases the Plaquemines Parish court set for trial, so at this point virtually nothing has been done by way of trial preparation.

**Conclusion**

Because the defendants are unlikely to prevail on appeal, and because they have delayed this case for too long already, the motion for stay pending appeal should be denied.

Respectfully submitted,

*/s/ Donald W. Price*
J. Blake Canfield (Bar #30426
Executive Counsel
Donald W. Price (Bar #19452)
Special Counsel
Louisiana Department of Natural Resources
P.O. Box 94396
Baton Rouge, LA  70804
Telephone:  (225) 342-2710
Fax:  (225) 342-5861

Megan K. Terrell (Bar # 29443)
Legal Advisor
Governor's Office for Coastal Activities
900 North Third Street, Fourth Floor
Baton Rouge, LA  70802
Telephone:  (225) 342-6952

***Attorneys for Intervenor, the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management, and it Secretary, Thomas F. Harris***

*/s/Ryan M. Seidemann*
Ryan M. Seidemann (Bar #28991)
Assistant Attorney General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, Louisiana 70802
Telephone No.:	(225) 326-6085
Facsimile:	(225) 326-6099

***Attorney for Intervenor-Plaintiff, the State of Louisiana, Ex Rel. Jeff Landry Attorney General***

## CERTIFICATE OF SERVICE

I hereby certified that on June 5, 2019, a copy of the above and foregoing Memorandum in Opposition to Motion to Stay Remand Order Pending Appeal was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 5th day of June, 2018.


*/s/Donald W. Price*
Donald W. Price

5