UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PLAQUEMINES PARISH | CIVIL ACTION |
| VERSUS | NO. 18-5217 |
| RIVERWOOD PRODUCTION CO., INC., ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendants Chevron U.S.A., Inc. ("Chevron"), Exxon-Mobil Corporation ("ExxonMobil"), and ConocoPhillips Company's ("ConocoPhillips") motion for a stay pending appeal of the Court's January 11, 2022 remand order.[1]  Plaintiff, Plaquemines Parish, and plaintiff-intervenor, the State of Louisiana through the Department of Natural Resources, oppose the motion.[2]

For the following reasons, the Court grants the motion, and stays the execution of the January 11, 2022 remand order.

---

[1]   R. Doc. 117.
[2]   R. Doc. 122.

I.   **BACKGROUND**

Plaintiff Plaquemines Parish brings this suit based on allegations that certain oil and gas companies, through their exploration, production, and transportation activities, have violated the Louisiana State and Local Coastal Resources Management Act of 1978 ("SLCRMA"). Plaintiff originally filed its complaint in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines.[3] On April 30, 2018, plaintiff issued an expert report identifying, apparently for the first time, the specific oil-and-gas activities giving rise to the alleged SLCRMA violations. *See Par. of Plaquemines v. Chevron, USA, Inc.*, 7 F.4th 362, 363-67 (5th Cir. 2021). According to defendants Chevron, ExxonMobil, and ConocoPhillips, this expert report "primarily attack[s] activities undertaken before the state permitting law at issue was effective and that were instead subject to extensive and exclusive federal direction control, and regulation."[4] Specifically, defendants argue that plaintiff takes issue with wartime activities undertaken during World War II, under the direction of federal officers.[5] On May 23, 2018, defendants Chevron, ExxonMobil, and ConocoPhillips removed the case to federal court,

---

[3]   R. Doc. 1-8 (State Court Petition for Damages).
[4]   R. Doc. 1 at 1.
[5]   *Id.*

invoking federal-question jurisdiction under 28 U.S.C. § 1331, and federal-officer jurisdiction under 28 U.S.C. § 1442.[6]

On May 28, 2019, Judge Martin L.C. Feldman found that removal was untimely, and that the Court did not have federal-question or federal-officer jurisdiction.[7] On motion by the defendants, Judge Feldman stayed the remand order, pending defendants' appeal to the Fifth Circuit.[8] On August 5, 2021, the Fifth Circuit held that removal was timely, but that the Court had correctly concluded that there was no federal-question jurisdiction. *Par. of Plaquemines*, 7 F.4th at 375. As to federal-officer jurisdiction, the Court reversed and remanded the case, instructing the district court to reconsider the issue in light of its 2020 *en banc* decision in *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020). *See Par. of Plaquemines*, 7 F.4th at 373. On remand, Judge Feldman analyzed the federal-officer question, and found that, under *Latiolais*, defendants had still not shown that the Court had federal-officer jurisdiction under § 1442.[9] Accordingly, on January 11, 2022, Judge Feldman again ordered that the case be remanded to state court.[10]

---

6   *Id.* at 16.
7   R. Doc. 79.
8   R. Doc. 87.
9   R. Doc. 116.
10  *Id.* at 28.

Defendants Chevron, ExxonMobil, and ConocoPhillips now move for a stay pending appeal of the January 11, 2022 order.[11] Movants contend that the balance of equities weighs in favor of a stay, and that they have shown a likelihood of success on the merits of their appeal, because the charged conduct was related to activities conducted under federal direction during World War II.[12] Plaintiff and plaintiff-intervenor oppose the motion, citing the lengthiness of this litigation, and arguing that defendants are unlikely to prevail on the merits of their appeal.[13]

The Court considers the motion below.

## II.  DISCUSSION

In considering whether to grant a motion to stay pending appeal, the Court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).  The party seeking the stay bears the burden of

---

[11]  R. Doc. 117.
[12]  R. Doc. 117-4.
[13]  R. Doc. 122.

establishing these criteria. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) (citing *Drummond v. Fulton Cnty. Dep't of Fam. & Child.'s Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976) (per curiam)).

Here, the Court finds that movants have shown that these factors weigh in favor of staying Judge Feldman's remand order, pending appeal. First, movants have made an adequate showing as to the merits. As the Fifth Circuit recently explained in *Latiolais*, to remove a case on federal-officer grounds under § 1442(a), a defendant must show that: "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." 951 F.3d at 296.

In his remand order, Judge Feldman found that criteria (1), (2), and (4) were satisfied, but that defendants had not satisfied the third criterion—that the relevant corporate predecessor had acted pursuant to a federal officer's directions.[14] Defendants contend that this finding was erroneous because defendants' crude-oil production at Potash Field in Plaquemines Parish was in the service of the Nation's war efforts.[15] More specifically, they

---

14   *See* R. Doc. 116 at 26.
15   R. Doc. 117-4 at 10-15.

5

assert that these activities were performed under the direction and control of the Petroleum Administration for War, a WWII-era agency with the mission "to direct and control the oil industry to ensure the supply of petroleum products for the military and the government's 'national defense program.'"[16] Defendants also argue that their crude-oil service to refineries operating under federal contracts makes them federal subcontractors, thus giving rise to federal-officer jurisdiction.[17]

The Court finds that the success-on-the-merits factor favors a stay in light of the recency of the Fifth Circuit's decision in *Latiolais*. *Latiolais* expanded the reach of federal-officer jurisdiction in response to a congressional amendment to the statutory language of § 1442. *See id.* at 292. The Fifth Circuit remanded Judge Feldman's first order rejecting federal-officer jurisdiction because of its decision in *Latiolais*, *see Par. of Plaquemines*, 7 F.4th at 373, and movants now rely heavily on *Latiolais* in arguing for jurisdiction a second time. Because the Fifth Circuit has not yet applied the *Latiolais* test to many cases, and because of the fact-specific nature of the inquiry, the Court finds that the success-on-the-merits criterion weighs in favor of a stay pending appeal.

---

[16]  *Id.* at 12.
[17]  *See id.* at 14-15.

6

Second, the Court finds that movants have shown that they face a risk of irreparable injury if a stay were not issued. Absent a stay, defendants would face the possibility that "the state court would decide the merits of the claims or address dispositive motions before Defendants' appeal is fully exhausted." *Minn. by Ellison v. Am. Petroleum Inst.*, No. 20-1636, 2021 WL 3711072, at *3 (D. Minn. Aug. 20, 2021). Courts have found that this risk is particularly salient in the context of disputes involving federal-officer jurisdiction, because—unlike for other asserted bases of federal jurisdiction—an order remanding a case that was removed on federal-officer grounds *is reviewable* on appeal. 28 U.S.C. § 1447(d). For this reason, "where the pending appeal addresses remand of a case initially removed pursuant to 28 U.S.C. § 1442, a stay is appropriate to prevent rendering the statutory right to appeal 'hollow.'" *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, No. 16-534, 2016 WL 3346349, at *3 (E.D. Va. June 16, 2016) (citing *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, No. 05-451, 2005 WL 2237598, at *1 (M.D. Tenn. Sept. 12, 2005); *Raskas v. Johnson & Johnson*, No. 12-2174, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013); and *Vision Bank v. Bama Bayou, LLC*, No. 11-568, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012)).

Third, the Court finds that the issuance of a stay will not substantially injure the other parties interested in this proceeding. A stay pending appeal of the remand does not impair the ability of the plaintiff or plaintiff-intervenor to pursue their claims in state court, should the Fifth Circuit ultimately affirm Judge Feldman's ruling. And plaintiffs' arguments regarding the delay imposed by such a stay are not persuasive, because defendants' 2018 removal on federal-officer grounds was a direct and prompt response to plaintiffs' expert report, which plaintiffs issued for the first time over four years after the commencement of this suit. This factor weighs in favor of a stay pending appeal.

Finally, the Court finds that that the public interest lies in granting a stay. As another section of this Court has observed, "concerns underlying the federal officer removal statute, judicial economy, and avoiding unnecessary litigation are important matters of public concern." *Humphries v. OneBeacon Am. Ins. Co.*, No. 13-5426, 2014 WL 1330034, at *2 (E.D. La. Apr. 2, 2014).

Accordingly, the Court finds it appropriate to stay Judge Feldman's January 11, 2022 remand order, pending defendants' appeal to the Fifth Circuit.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion. Execution of the January 11, 2022 remand order is hereby STAYED pending appeal.

New Orleans, Louisiana, this __22nd__ day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE